OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
On August 7, 1986, the respondent, Wayne M., admitted that he had committed an act which, if done by an adult, *649 would constitute the crime of criminal trespass in the second degree, a class A misdemeanor, as set forth in section 140.15 of the Penal Law. In aid of disposition, the court ordered a probation investigation and a diagnostic assessment. (Family Ct Act § 351.1 [2].)
The diagnostic assessment was prepared by Geller House, a facility operated by the Jewish Board of Family and Children’s Services. That report recommended that Wayne be placed in a "highly structured, behaviorally oriented, residential treatment center, that can provide Wayne with the support and structure that he needs on an on-grounds special education school and vocational training, as well as positive adult role models.” The Probation Department, in its report, agreed that Wayne needed placement "within a structural therapeutic setting.”
Upon receipt of these reports, the court ordered an exploration of placement, a process whereby the Probation Department forwards its report and the diagnostic assessment to various agencies in an effort to find a suitable placement for Wayne.
Despite the fact that this is the boy’s first delinquency adjudication, he has been rejected from every agency to which the materials were sent. JCCA Edenwald, Inc., said he was "far too delinquent”; Green Chiminies pointed to his "history of severely anti-social behavior”; St. Christopher’s-Jennie Clarkson said that he had an "extensive legal history”; the Mission of the Immaculate Virgin relied on his "multiple arrests”; Pius XII Youth and Family Services pointed to his "history of Sodomy 3rd degree, Arson 2nd degree, Rape 3rd degree”.
In rejecting Wayne, these agencies relied on information contained in the Probation Department report under the caption "Legal History”. There, the Probation Department listed five prior contacts, all of which were terminated favorably to Wayne. As an illustration, the first entry appears as follows: "Arrested 9/29/80, charges with Sodomy — 3 (EF) Disposition. There was insufficient testimony or evidence available or procurable at this time to support a finding beyond a reasonable doubt that the person did the alleged act.” In fact, this information about an event that allegedly took place when Wayne was nine years old, and from which no formal petition was even drawn, is now being used as a basis to reject him from placement.
*650 The second entry reads as follows: "Arrested 8/31/82, charged with Robbery and Criminal Possession of a weapon. Disposition unknown.” In fact, these charges were adjusted by the Probation Department at the intake stage and no formal petition was filed.
The remaining three entries refer to matters that were actually sealed pursuant to section 375.1 of the Family Court Act. That section, which took effect in July of 1983, provides for the automatic sealing of records upon the favorable termination of a delinquency proceeding unless, on motion, the court determines that the interests of justice require otherwise. Where a proceeding was terminated favorably to the respondent prior to the effective date of the section, a motion to seal may be made and must be granted unless "the interests of justice require otherwise.” (Family Ct Act § 375.1 [6].)
The Law Guardian now moves for an order sealing the records of the two proceedings involving Wayne that were favorably terminated prior to the effective date of the section and removing all references to sealed cases from the boy’s probation report.
In response to the moving papers, the Probation Department submitted an affirmation in opposition, a memorandum of law, and an amended probation report, deleting any information about the nature of the three sealed proceedings while still listing them with reference numbers, dates, and the notation "sealed”.
The motion by the Law Guardian insofar as it seeks an order sealing the two proceedings favorably terminated prior to July of 1983 is granted. It is not disputed that these proceedings were, in fact, terminated in favor of the respondent. No basis has been offered to conclude that the interests of justice require denial of the sealing request. And there is no Statute of Limitations setting forth any period of time within which the sealing motion must be made. Accordingly, the two proceedings terminated in favor of the respondent prior to July of 1983 are ordered to be sealed.
The balance of the Law Guardian’s motion seeks an order removing any references to the sealed proceedings from the probation report. When a proceeding is sealed pursuant to section 375.1, "the court shall enter an order * * * directing that all official records and papers, including judgments arid orders of the court * * * relating to the arrest, the prosecution and the probation service proceedings, including all dupli *651 cotes or copies thereof, on file with the court, police agency, probation service and presentment agency be sealed and not made available to any person or public or private agency.” (Family Ct Act § 375.1 [1].)
It is clear from this section that agencies are not entitled to review sealed records when evaluating a child for possible acceptance at their facilities. Accordingly, there is absolutely no reason to include any reference to sealed proceedings in the material forwarded to these agencies in the exploration of placement process. The extreme prejudice to the respondent in so doing is well illustrated in this case where agencies have rejected Wayne, based not only on mere arrests, but on charges that weren’t even pleaded, much less proven.
The Probation Department refers to section 381.1 of the Family Court Act to support the proposition that foster care agencies are entitled to the "transfer of records and information to institutions and agencies”. Initially, it is clear that the statute becomes operative only when the child is actually placed at the agency. Furthermore, the Legislature could not have intended the statute to apply to sealed records without leading to absurd results. Once records are circulated in the foster care system, they invariably follow the child forever, from placement to placement and through all the steps in between. The distinction between sealed and unsealed records would be obliterated and the entire sealing process would become a sham.
The Probation Department maintains that it is required to include the existence of sealed records in its report to the court pursuant to section 351.1 (1) of the Family Court Act. That section, in relevant part, provides that "the probation investigation shall include, but not be limited to, the history of the juvenile including previous conduct, the family situation, any previous psychological and psychiatric reports, school adjustment, previous social assistance provided by voluntary or public agencies and the response of the juvenile to such assistance.” Since proceedings terminated in favor of the respondent pursuant to Family Court Act § 375.1 involve charges that certainly have never been proven and often have never even been formally pleaded, they could hardly establish "previous conduct” of the child.
The Department further argues that the existence of the sealed proceedings should be revealed to the court since "The Family Court’s decision to order a juvenile to be confined as *652 opposed to supervised will and should be affected by whether the juvenile has been arrested once or, for example, twenty times. Moreover, the circumstances of the arrest (a series of arrests in the early morning hours for similar actions, for example) should properly have an impact on the Court’s decision as to how to rehabilitate that juvenile.”
However, it should be automatic that, under our system of law, a mere arrest is absolutely no evidence or proof that the juvenile committed the delinquent act. Similarly, successive arrests, standing by themselves, cannot be used to establish a delinquency pattern. The circumstances surrounding an arrest could have relevance to the behavior or needs of the child. However, the time to assert that relevance is when the issue of sealing is presented to the court in the first instance. As has already been pointed out, even a proceeding terminated in favor of a respondent may be denied sealing where the interests of justice so require (Family Ct Act § 375.1). However, once a proceeding is sealed pursuant to Family Court Act § 375.1, the respondent is entitled to the salutary benefits that flow therefrom.
For all of the foregoing reasons, the court finds that the setting forth of the existence of sealed cases in a probation report in a juvenile delinquency proceeding is not mandated, authorized, or appropriate.
Accordingly, the motion of the Law Guardian is granted in all respects. The two proceedings terminated in favor of the respondent prior to July of 1983 are ordered to be sealed. And all references to the existence of sealed records in the probation report are ordered to be deleted. The Department of Probation is directed to continue the exploration of placement process for Wayne, utilizing its report as conformed to the order of the court.