OPINION OF THE COURT
Bellacosa, J.
The New York City Department of Probation (Probation) reviewed sealed information of favorably terminated matters concerning petitioner — a juvenile — and supplied protected data from its own separately maintained records to the Family Court in connection with the disposition of the youth’s latest brush with the law. The core issue is whether Probation violated the sealing protections of Family Court Act § 375.1 and the implementing judicial sealing orders. We agree with the lower courts that Family Court Act § 375.1 governs, that it *664 is clear on its face and in its purpose, and that it has been violated. We thus affirm the order of the Appellate Division.
Petitioner, Alonzo M., had been placed on probation after a Family Court finding that he had engaged in acts constituting for an adult the crime of robbery in the third degree. Ten months later, it was alleged that the juvenile violated probation in respect to reporting and school attendance conditions. He conceded the violation, the matter was adjourned, and the court ordered Probation to provide an updated Investigation and Report (I & R) for the dispositional hearing (see, Family Ct Act § 351.1; 9 NYCRR part 350).
An I & R is a document prepared to assist a Family Court Judge in determining the appropriate disposition after adjudication of juvenile delinquency charges. The updated I & R in this case listed four arrests under "previous legal history”. The first two were accompanied by a reference that they were sealed, and the remaining two were followed by the notations "dismissed” and "petition withdraw[n]”. The report added that "[djuring the period of Probation Supervision, Respondent was rear[r]ested on 2 different occasions on Robbery related charges”. The charges arising from each of these incidents were also terminated in the juvenile’s favor and the related records were sealed pursuant to Family Court Act § 375.1 and CPL 160.50.
Petitioner in this article 78 proceeding sought Probation’s compliance with the requirements of Family Court Act § 375.1 and CPL 160.50 to keep the records of his favorably terminated cases sealed and not to reveal the existence and contents of those materials. He also asked for an order requiring Probation to delete from the I & R all references to information acquired from sealed records.
Probation claimed the invoked sealing provisions were inapplicable because it did not derive any information submitted to the Family Court from a review of sealed court records, but rather acquired the data from "indexed case record materials” or from an "administrative folder” it maintained for itself. Alternatively, Probation argued that because it is obliged to supervise petitioner and to report on his conduct to the Family Court at the dispositional phase of the latest juvenile proceeding the sealing provisions did not bar it from disclosing the juvenile’s past conduct to the Family Court.
Supreme Court granted the petition to the extent of ordering Probation to redact from its I & R the notations regarding *665 the dates of arrest, docket numbers and dispositions of the favorably terminated cases, as well as the characterization of the two most recent charges as "robbery related” (133 Mise 2d 98, 102). The court permitted the recitation of the facts underlying the arrests, as contained in an accompanying psychological report because, while the mere date of and charge on an arrest are not sufficiently material and relevant to be admitted in the dispositional hearing, the facts underlying these prior acts were (see, Family Ct Act § 350.3 [1]).
The Appellate Division affirmed because the Family Court Act § 375.1 protection of " 'the rights of the individual from the adverse consequences of allegations that do not result in conviction’ would be vitiated if the Department of Probation were permitted to refer to its official records pertaining to such prior sealed cases in a subsequent investigation and report” (133 AD2d 631, 632 [citation omitted]).
We are of like mind that the sealing provisions of Family Court Act § 375.1 are violated when a public agency, privy to and maintaining records and information concerning cases terminated in the juvenile’s favor, divulges information resurrected from otherwise sealed records. It is also correct, however, that the background facts to such matters, if relevant and material, may be disclosed in an I & R prepared for a juvenile dispositional hearing if derived from sources other than sealed records and materials.
Family Court Act § 375.1 (1) is unambiguous in its direction that "[u]pon [favorable] termination of a delinquency proceeding * * * the court shall enter an order which shall immediately be served * * * upon the heads of the appropriate probation department * * * directing that all official records and papers * * * relating to the arrest, the prosecution and the probation service proceedings, including all duplicates or copies thereof, on file with the * * * probation service * * * be sealed and not made available to any person or public or private agency.”
Courts should construe clear and unambiguous statutes so as to give effect to the plain meaning of the words used (Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675). Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, " 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded’ ” (Patrolmen’s Benevolent Assn. v City of New York, *666 41 NY2d 205, 208-209). The words and purport of Family Court Act § 375.1 (1) are plain. Moreover, statutory construction, even when required with materials beyond the facial words of the statute, is rarely fortified by such a powerful set of support rods.
The provisions of this sealing statute were patterned after those in CPL 160.50. The dissent even acknowledges the State is not obligated to provide identical statutory protections in adult and juvenile proceedings. But when the Legislature does grant a protection in this area, the courts do not have a policy choice to override it or circumscribe it. Thus, we note that the Family Court Act version applicable here includes a thicker cocoon of protection which may be appreciated from these distinguishing features: the records of probation agencies are explicitly included as materials to be sealed under the Family Court Act provision; the CPL provision permits exceptional disclosure, despite sealing, to law enforcement agencies and the Family Court Act provision does not; and the statute applying to adult offenders expressly allows Probation Department use of sealed records when the accused is under supervision and the records concern an arrest occurring during the term of supervision (see, CPL 160.50 [1] [d] [vi]; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 375.1, at 591).
The Legislature has recently reinforced its distinctive coverage of the two categories of offenders, adult and juvenile, by twice failing to enact proposed amendments to the Family Court Act § 375.1 (3) that would have authorized Probation Departments to use information included in sealed records and papers for the purpose now claimed to be authorized by what at best may be described as strained interpretation of existing law (see, A.11351, introduced May 29, 1986; S.19, introduced Jan. 7, 1987). The Legislature’s rejection of A.11351 and passage of a revised version of S.19, which excised an express sealing exemption (see, L 1987, ch 419), is confirmatory of previous legislative expression and intent not to permit Probation’s use of sealed records for purposes of preparing I & R reports (see, Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151, 157). Notably, we have previously relied on the fact that "the Legislature did not expand the scope of the exclusions from a sealing order when it amended the statute” as evidence that the narrow exceptions to the statute should not be interpreted to pierce the *667 statute’s protective crust (Matter of Hynes v Karassik, 47 NY2d 659, 663).
The contextual landscape for our decision in this case is also dotted with apparently persistent judicial prohibition of agency access to sealed juvenile data (see, Matter of Wayne M., 135 Misc 2d 648; Matter of David H., 124 Misc 2d 190; Matter of Robert S., 123 Misc 2d 225; Matter of Steven R., 121 Misc 2d 245). When the Legislature, with presumed knowledge of the judicial construction of a statute, foregoes specific invitations and requests to amend its provisions to effect a different result, we have construed that to be some manifestation of legislative approbation of the judicial interpretation, albeit of the lower courts (Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151, 157, supra).
Returning to the statute itself, we also discover that the narrow scope of the only two statutory exceptions to Family Court Act § 375.1 reinforces a fortiori the view that the Legislature intended the sealing provision to block the release and use of protected materials even for purposes of subsequent dispositional hearings. The exceptions permit only the juvenile subject of the records, or a designated agent, future access and also allow probation service access to its own sealed records and papers for the limited purpose of making adjustment determinations under Family Court Act § 308.1 (4) (see, Family Ct Act § 375.1 [3]). Significantly, the Legislature excluded from that exceptional authorization in the very same body of law any use of sealed records to include probation investigations under Family Court Act § 351.1. The ejusdem generis rule of construction has particular pertinency here.
The Legislature has even expressly prohibited criminal court access to sealed Family Court and related police records at time of sentence (Family Ct Act §§ 381.2, 381.3; see, People v Hunter, 88 AD2d 321, 323). This extra measure of protection ensures that the express exception in the CPL sealing statute not be used in an adult criminal proceeding to access sealed Family Court records; it also eliminates a potential ambiguity and conflict in the meshing of the two bodies of law. Similarly, when an action is favorably disposed of in an adult proceeding the records are sealed under CPL 160.50, the arrest and prosecution are deemed a nullity, the accused is restored to the status occupied before arrest, and unless specifically required by statute, or directed by a superior court, the accused is not required to divulge information regarding the favorably *668 terminated action (CPL 160.60). This statutory safety net protecting adults ensures that records and materials generated from an arrest and a favorably terminated proceeding are eliminated as facets of the accused’s criminal pedigree (see, Governor’s Approval Mem, L 1976, ch 877, 1976 McKinney’s Session Laws of NY, at 2451; Family Ct Act § 351.1; 9 NYCRR 350.7). It would be regressive to bestow such sweeping beneficial sealing protections on adult offenders while subjecting juvenile delinquents to the devastating prejudice of consideration of sealed data at their dispositional hearings.
In that regard, CPL 160.50 (1) (d) (vi) was not intended to permit Probation access to sealed criminal court records and materials so that they could subsequently be disclosed to yet another public entity, even the Family Court, to potentially serve as the basis for sanction enhancement on a wholly unrelated charge. Access was contemplated under the CPL so as to permit enhanced supervision, including the potential for probation revocation for the very act underlying the arrest which resulted in sealing (see, L 1986, ch 294, Governor’s Bill Jacket, July 15, 1986 letter from Senator Mega, bill sponsor, to Evan Davis, counsel to the Governor; June 26, 1986 letter from Assemblyman Feldman, bill sponsor, to Governor Cuomo). While we decide this case on statutory analysis only, the proposed use here, in the dispositional phase of an unrelated Family Court proceeding, while not constitutionally protected, contradicts an articulated rationale for the enactment of the sealing statutes — the "presumption of innocence” (see, Governor’s Approval Mem, L 1976, ch 877, 1976 McKinney’s Session Laws of NY, at 2451). Moreover, these statutes are not, as the dissent suggests, designed merely to prohibit general "public scrutiny” of favorably terminated proceedings. Their reach is much broader and specific — to preclude access by those, especially in government and bureaucracy, who might otherwise prejudicially use rightfully protected information. For, by definition for these purposes, accusations not proven and dismissed for whatever reason are not prior "criminal conduct” and have no need of "immunity” (dissenting opn, at 671).
It is useful at this point also to state briefly what this case is not about — the inherent authority of courts over their own records — despite the dissent’s reliance on that theory. That issue has not been advanced by the parties and would be dubious authority in any event to override so clear a legislative policy direction. This case also cannot be about the *669 sternly rejected pre-Gault paternalism which deprived youngsters of rights they would otherwise enjoy (see, In re Gault, 387 US 1). Nor finally can the case be about a rule, as Probation urges, requiring petitioner to show what may be characterized as irreparable harm. First, that would turn the protective statute on its head. Second, the harmful and prejudicial consequences at the dispositional phase would self-evidently satisfy that inverted burden — a rule we do not embrace in any event — because the wrongful use of sealed data of this kind would disqualify the petitioner, almost automatically, from consideration, for example, of the least restrictive placements that he might otherwise receive. In this connection, the presumption of innocence directed usually at pending charges can surely have been viewed by the Legislature as even more germane in relation to favorably terminated matters.
In sum, whatever the judiciary’s inherent powers, they cannot rescue Probation in these matters where, as here, the Legislature has expressly made its purpose clear (see, Matter of Dorothy D., 49 NY2d 212, 215; Matter of Richard S. v City of New York, 32 NY2d 592, 595; compare, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 6; County of Oneida v Berle, 49 NY2d 515, 522-523).
It is of no consequence that the source of the arrest and prosecution data, included within the I & R, was Probation’s own indexed case record materials, cumulative case records, or administrative records. Indeed, this makes matters worse and more disturbing because it unmasks a concededly regularized Big-Brother-like evasion of the prophylactic law itself and of particular sealing orders (see, Matter of Todd H., 49 NY2d 1022). This audacious violation of petitioner’s statutory rights —and apparently those of countless others — in maintaining separate "unsealed” files cannot be blinked — and certainly not by a strained statutory interpretation. That would be turning the "blind eye” and would wrongly place the Probation Department above the law. Even laudable goals and helpful tools cannot justify forbidden means.
Accordingly, the order of the Appellate Division should be affirmed, with costs.