■ Kathleen Cromwell et al., Respondents, v Le Sannom Building Corp., Appellant.—Order of the Supreme Court, New York County (Myriam Altman, J.), entered on June 18, 1991, which, *inter alia,* denied defendant's motion to dismiss the second cause of action alleging harassment under Real Property Law § 235-d, and struck the second affirmative defense alleging failure to state a cause of action, unanimously modified, on the law, defendant's motion to dismiss the second cause of action is granted, the second cause of action is dismissed, the second affirmative defense is reinstated, and the order otherwise affirmed, without costs.

This appeal involves the applicability of Real Property Law § 235-d to a residential loft apartment which concededly was never used for manufacturing or warehouse purposes, but was used for commercial purposes.

The Motion Court construed the statute to cover loft premises that had previously been used for commercial purposes as well. The Motion Court considered the legislative history and found no intent to exclude formerly commercial lofts from the reach of the statute. The Motion Court reasoned that section 235-d is remedial legislation and therefore should be liberally construed.

However, inasmuch as Real Property Law § 235-d, by its express terms, applies only to buildings utilized for "manufacturing or warehouse purposes", and does not specifically include the word "commercial", the statutory enactment is not applicable to the subject premises which concededly have never been utilized for "manufacturing or warehouse purposes". The precise and unambiguous language of the statute may not be expanded through consideration of legislative history to include formerly commercial loft buildings. *(See, Sega v State of New York,* 60 NY2d 183; *Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662, 665 [1988]; *Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 345 [1982]).*

If the reach of the statute is to be expanded, it should be accomplished by legislative amendment, not judicial construction. Concur—Murphy, P. J., Carro, Rosenberger, Wallach and Ross, JJ.