Town of Hoosick, Respondent, v Eastern Rensselaer County Solid Waste Management Authority, Appellant.

Third Department, August 27, 1992

38

### APPEARANCES OF COUNSEL

*Roemer & Featherstonhaugh, P. C. (Michael A. Greco* and *John R. Mineaux* of counsel), Albany, for appellant.

*Ruberti, Girvin & Ferlazzo, P. C. (Salvatore D. Ferlazzo* of counsel), Albany, for respondent.

*Rayhill & Rayhill (Philip A. Rayhill* of counsel), New Hartford, for New York State Association for Solid Waste Management, *amicus curiae.*

### OPINION OF THE COURT

HARVEY, J.

Defendant is a public benefit corporation organized pursuant to Public Authorities Law, article 8, title 13-H for the purpose of dealing with the management of solid waste. Defendant was created pursuant to Public Authorities Law § 2050-cc (4), which provided that plaintiff and 16 other desig-

nated Rensselaer County municipalities (see, Public Authorities Law § 2050-bb [18]) could become members of defendant by filing a certificate of approval by the municipality with the Secretary of State on or before December 31, 1990. The statute specifically provided that unless the certificate was filed by six or more municipalities by this deadline, defendant's corporate existence would terminate and it would be dissolved (see, Public Authorities Law § 2050-cc [4]). Once defendant included six members, however, it would be "perpetual in duration". Ultimately, 13 members joined. Plaintiff became a member of defendant when it filed its certificate on December 22, 1989.

Thereafter, on October 14, 1991, plaintiff's Town Board passed a resolution to withdraw its membership in defendant. A second resolution was passed in December 1991, and apparently filed with the Secretary of State, purporting to rescind both the 1989 resolution to join defendant and the certificate filed pursuant to Public Authorities Law § 2050-cc (4). Plaintiff also commenced this declaratory judgment action in December 1991 seeking declarations that it had properly and lawfully withdrawn from defendant and that any expenses and obligations incurred by defendant after the October 1991 resolution of withdrawal was passed were not obligations of plaintiff. Plaintiff also moved, by order to show cause, to enjoin defendant from incurring any debt or expenses which would obligate plaintiff pending a resolution of the action. Following joinder of issue, defendant moved for summary judgment declaring that plaintiff could not withdraw its membership until such time as the Legislature may enact specific procedures setting forth the requirements for such a withdrawal. Plaintiff cross-moved for summary judgment. Supreme Court denied defendant's motion and granted plaintiff's cross motion (— Misc 2d —). The court declared, inter alia, that plaintiff's December 23, 1991 resolution of withdrawal was valid and that its membership in defendant terminated as of the date the resolution was filed with the Secretary of State. This appeal by defendant ensued.

█ It is our view that Supreme Court incorrectly held that plaintiff's withdrawal from its membership in defendant was valid. There is no question that Public Authorities Law § 2050-cc (4) contains no language allowing members to unilaterally withdraw from defendant. Supreme Court took the position that the absence of language either specifically providing for or prohibiting the withdrawal of a municipality was an "oversight" or "unintended omission" which rendered the statute

flawed and allowed plaintiff the option of withdrawing from defendant. We cannot adopt that viewpoint. Instead, we agree with defendant that the absence of withdrawal language "was an intended omission based upon prior precedent and the fact that under the Constitution, the Legislature alone has the power to create, modify and dissolve public corporations" (see, NY Const, art X, § 5). Our examination of the enabling statutes of other public corporations created to deal with the management of solid waste (particularly those created prior to defendant's creation) convinces us that the absence of unilateral withdrawal language in Public Authorities Law § 2050-cc (4) was intentional and not just an oversight on the Legislature's part (see, e.g., Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 665; see also, McKinney's Cons Laws of NY, Book 1, Statutes § 363).

For instance, one enabling statute enacted in 1984 makes the waste management authority created therein "perpetual in duration * * * except, further, that the authority and its corporate existence may be terminated by law or by resolution of the town board" which must be filed with the Secretary of State (Public Authorities Law § 2049-c [4] [b] [Town of North Hempstead Solid Waste Management Authority]). As this language indicates, the Legislature specifically provided for unilateral withdrawal by a member municipality when it intended that such a power be conferred. In contrast, authorities such as defendant and the Oneida-Herkimer Solid Waste Management Authority (see, Public Authorities Law § 2049-cc [4]) do not similarly provide a method for unilateral withdrawal. We note that other enabling acts establishing similar entities do not allow for unilateral withdrawal but state that, once created, the authorities shall exist until "terminated by law" (see, e.g., Public Authorities Law § 2045-c [4] [b] [Onondaga County Resource Recovery Agency]; § 2046-c [5] [Town of Islip Resource Recovery Agency]; § 2041-b [4] [b] [Montgomery, Otsego, Schoharie Solid Waste Management Authority]). Accordingly, it appears only logical that plaintiff in this case could only withdraw from membership in defendant through an act of the Legislature.*

---

* Along those lines we note past instances in which municipalities wishing to withdraw their membership in similar arrangements received legislative authorization to do so (see, L 1981, ch 267 [municipality obtained legislative permission to withdraw from the Multi-Town Solid Waste Management Authority]; L 1991, ch 427 [municipality given permission, "through a certified resolution of its governing board", to withdraw from a refuse and

Our finding that the Legislature did not intend to authorize unilateral withdrawal is further supported by the fact that the statute itself provides that defendant's existence would be terminated automatically if at least six municipalities did not become members by the deadline (see, Public Authorities Law § 2050-cc [4]). It can be logically inferred from this requirement that the Legislature determined that in order to justify its creation, defendant required at least six members. This inference finds some support in the legislative history which indicates that defendant was created to implement the goal of building a regional co-composting facility and that the ability to finance such a project would be enhanced if several of the municipalities joined together (see, Mem of Senator Bruno, Governor's Bill Jacket, L 1989, ch 726). As a result, if members were permitted to unilaterally withdraw their membership, defendant could, contrary to legislative intent, be left as nothing more than a "perpetual" empty shell with fewer than six members. In contrast to this possibility, requiring municipalities to obtain legislative permission to withdraw from defendant would allow the Legislature to reexamine defendant's viability if a number of members wished to withdraw their membership. In this way there would be no possibility of allowing member municipalities to in effect usurp the Legislature's plenary power to create public corporations on its own terms (see, NY Const, art X, § 5; *City of Rye v Metropolitan Transp. Auth.*, 24 NY2d 627, 633-635).

Plaintiff's remaining contentions have been examined and found unpersuasive. We reject plaintiff's contention that Public Authorities Law, article 8, title 13-H is unconstitutional because it allegedly interferes with plaintiff's rights under the Municipal Home Rule Law and the State Constitution (see, NY Const, art IX, § 2 [c] [ii] [10]; Municipal Home Rule Law § 10) by impermissibly limiting plaintiff's power to adopt laws for the benefit of its citizens. There can be no unconstitutional limitation of defendant's powers in this case because the creation of public authorities and their powers is wholly within the Legislature's purview (see, *City of Rye v Metropolitan Transp. Auth., supra)* and plaintiff's powers do not extend that far. The State has clearly preempted the field as it relates to public authorities. Therefore, plaintiff's resolution attempting to unilaterally change its membership status

garbage disposal district that had been enacted by the Laws of 1985, ch 771]).

in defendant is "inconsistent with the State's transcendent interest" regardless of whether the terms of the resolution actually conflict with Public Authorities Law § 2050-cc (4) *(Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, 377; *see, Incorporated Vil. of Nyack v Daytop Vil.,* 78 NY2d 500, 505). Finally, as for defendant's claim that Supreme Court improperly engaged in judicial legislation when it approved of plaintiff's method of withdrawing its membership, it is unnecessary for us to reach this issue due to our resolution of this case.

WEISS, P. J. (dissenting). The lack of any provision for withdrawal from membership in the public benefit corporation created by Public Authorities Law, article 8, title 13-H has resulted in a conundrum of major proportions for both plaintiff and defendant. While the procedure for entry into defendant has been meticulously set forth in Public Authorities Law § 2050-cc (4), the statute makes absolutely no provision nor does it set forth a mechanism for withdrawal. Supreme Court adopted plaintiff's argument that such absence was a legislative oversight or unintended omission which rendered the statute flawed, allowing plaintiff the option to unilaterally withdraw.

On this appeal, defendant again urges and the majority of this court has held that the absence of withdrawal language was intentional, not just a legislative oversight *(see, Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662, 665), and that withdrawal may only be accomplished by subsequent legislation enacted specifically for that purpose. It is beyond cavil that plaintiff's withdrawal from defendant could be effected by an act of the Legislature, a fact with which Margretta Morris, defendant's executive director, not only agrees, but even states that defendant has already requested such action by the Legislature. Inasmuch as Morris avers that "[defendant] has no intention of trying to prevent plaintiff or any other town from withdrawing from participation in [defendant]", and because she further states that "[defendant] itself has also requested that the Legislature set forth a specific procedure for the various 'towns' to follow in the event they decide to withdraw and we are currently drafting legislation which we will seek to have introduced for that purpose", it seems to me that the judgment which fashioned the relief sought should be affirmed.

While defendant contends that " 'an irrefutable inference

must be drawn that what is omitted or not included [in the statutes] was intended to be omitted or excluded' " *(Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208-209, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240), plaintiff argues conversely that the absence of a specific provision precluding a town from withdrawing by its own resolution is a clear indication that the Legislature did not intend to preclude its withdrawal.*

Although defendant is perpetual in duration, there is no indication that membership by the towns is similarly perpetual. Defendant concedes this situation to be the result of an apparent oversight by the Legislature, yet it nonetheless urges that plaintiff is "locked in" to membership until the Legislature does something about withdrawal procedures. While the majority correctly holds that the Legislature alone has the power to create, modify and dissolve public corporations (NY Const, art X, § 5), I do not perceive that plaintiff's withdrawal constitutes the creation, modification or dissolution of defendant. What I do perceive is that the absence of any provisions for withdrawal leaves those towns, which by their own affirmative actions enrolled as members of defendant, all of the constitutional and statutory obligations and powers to enact legislation and ordinances which relate to their own property and affairs (NY Const, art IX, §§ 1, 2; Municipal Home Rule Law § 10; Town Law §§ 60, 64), including legislation to withdraw from public corporations. It is only when a local law, ordinance or resolution conflicts or is inconsistent with the provisions of Public Authorities Law, article 8, title 13-H *(see,* Public Authorities Law § 2050-yy) that such legislative action is invalid *(see, Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, 376). It is difficult to conclude that the resolutions of plaintiff's Town Board passed on October 14, 1991 to withdraw from defendant and on December 23, 1991 rescinding and revoking the November 13, 1989 resolution which approved plaintiff's entry into defendant, can be found

---

* I note the enactment of chapter 391 of the Laws of 1992 (amending Public Authorities Law article 8 by adding a new title 13-L) which creates the Greater Troy Area Solid Waste Management Authority. Public Authorities Law § 2052-c (6) (c) states: "Upon the filing of the certificate with the secretary of state as set forth in paragraph (a) of this subdivision, each local government filing such certificate shall be prohibited from withdrawing from the authority. A local government may withdraw from the authority only pursuant to a state law that complies with the terms of paragraph (b) of this subdivision." Obviously, when the Legislature intends to limit withdrawal from a public benefit corporation, specific language is utilized.

inconsistent or conflicting with the enabling legislation which created defendant in the total absence of any specific language or provisions precluding the two subject resolutions. I would reject the argument that other legislation which created other public authorities or provided for the withdrawal of a member from another public authority are precedents which compel this court to find that withdrawal from any public authority can only be accomplished by subsequent legislation. Put another way, it is difficult to understand why the same act of a town government statutorily required for its entry into defendant corporation should not suffice for withdrawal by that same town.

For these reasons, I would affirm Supreme Court's judgment.

YESAWICH JR., LEVINE and MAHONEY, JJ., concur with HARVEY, J.; WEISS, P. J., dissents in a separate opinion.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for summary judgment, denied defendant's motion for summary judgment and made a declaration in plaintiff's favor; defendant's motion for summary judgment is granted, plaintiff's cross motion for summary judgment is denied, and it is declared that plaintiff's resolution rescinding and revoking its membership in defendant is not valid without first obtaining authorization from the Legislature; and, as so modified, affirmed.