■ In the Matter of Robert L. Schulz, Appellant, v New York State Department of Environmental Conservation et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered June 7, 1991 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78, declaratory judgment action and citizen-taxpayer action pursuant to State Finance Law article 7-A, to, *inter alia,* declare a solid waste

management plan of respondent Department of Environmental Conservation null and void.

By this combined proceeding,[1] petitioner challenges the negative declaration of respondent Department of Environmental Conservation (hereinafter DEC) pursuant to State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) regulations, finding that adoption of the 1989-1990 update to the State Solid Waste Management Plan (hereinafter the Update) had no significant environmental impact and thus would not require the preparation of an environmental impact statement. Briefly stated, it is petitioner's position that the Update's reliance upon local planning units[2] to formulate and implement specific solid waste disposal strategies in New York will lead to environmentally harmful mass burial, mass burning and token recycling and not the far preferable alternative provided by petitioner's plan for mass recycling on a regional utility basis. Concluding that petitioner failed to demonstrate a violation of SEQRA and ECL article 27, Supreme Court granted judgment in favor of respondents dismissing the action and proceeding. Petitioner appeals.

Initially, we agree with respondents that petitioner lacks standing to bring the instant action and proceeding because he has failed to demonstrate in-fact environmental injury which is in some way different from that of the public at large (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773-774; Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency, 164 AD2d 469, lv denied 77 NY2d 810, cert denied sub nom. Schulz v Washington County, — US —, 112 S Ct 976). In his reply brief, petitioner states his claim of "environmental injury as a property owner in the state where the solid waste plan is in effect" and his position that, because this is an "area-wide" case, he need not show injury different in kind and degree from the community generally. We disagree. In our view, this is not an instance "where solely general harm would result from a proposed action", as a consequence of which a SEQRA challenge could

---

**1.** Because petitioner's brief raises no challenge to Supreme Court's dismissal of the combined proceeding insofar as it is based upon State Finance Law article 7-A, any such issues are deemed abandoned (see, First Natl. Bank v Mountain Food Enters., 159 AD2d 900, 901).

**2.** A local solid waste planning unit consists of "a county, two or more counties acting jointly, a local government agency or authority established pursuant to state law for the purposes of managing solid waste, or two or more other municipalities which [DEC] determines to be capable of implementing a regional solid waste management program" (ECL 27-0107 [1] [a]).

possibly be based upon mere "potential injury to the community at large" *(Society of Plastics Indus. v County of Suffolk, supra,* at 779). To the contrary, the only environmental harm which petitioner alleges will result from the challenged action, pollution and contamination of soils, ground water and air as a result of operation of the anticipated mass burial and mass burning facilities, is clearly localized in effect *(see, supra,* at 778-779; *Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency, supra).*

Moreover, even disregarding petitioner's lack of standing and accepting, for the sake of argument, that the petition is not time barred, we agree with Supreme Court that the petition lacks merit. Our review of the Update does not support petitioner's claim that its "introduction of and reliance on the governmental Local Planning Unit approach * * * set in motion a series of events which may have a significant impact on the environment". The Update, which we view as nothing more than DEC's self-congratulatory report of the status of solid waste management in this State during 1989, neither created nor advanced the local solid waste planning unit approach. As correctly contended by respondents, it was the State Solid Waste Management Plan, completed in March 1987, which placed upon local governments the basic responsibility for the planning and operation of solid waste management facilities. Subsequently, the Legislature incorporated this principle into law in ECL 27-0106 and made specific provision for local solid waste management plans (ECL 27-0107) and State financial assistance therefor (ECL 27-0109; *see,* 6 NYCRR subpart 360-15.9) *(see,* L 1988, ch 70, §§ 6, 7). Inasmuch as the Update did not reorder recommendations or priorities contained in the initial State Solid Waste Management Plan or in the previous updates and does not propose new solid waste programs or initiatives beyond those called for in existing State law, it had no significant impact on the environment. Accordingly, no environmental impact statement was required *(see,* ECL 8-0109 [4]; 6 NYCRR 617.6 [g] [1] [i]).

We have considered and rejected petitioner's remaining contentions, which are unpreserved for appellate review or are patently lacking in merit.

As a final matter, despite our agreement with Supreme Court's resolution of the substantive issues, it is apparent that the order granting judgment in favor of respondents and dismissing the complaint in the declaratory judgment action must be modified, as the proper resolution was to grant a

declaration in respondents' favor *(see, Greenwich Citizens Comm. v Counties of Warren & Washington Indus. Dev. Agency, supra,* at 475).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint in the declaratory judgment action; it is declared that the 1989-1990 update to the State Solid Waste Management Plan has not been shown to be null and void; and, as so modified, affirmed.