◼ VILLAGE OF HOOSICK FALLS, Appellant, v KEVIN ALLARD, as a Former Representative to the Eastern Rensselaer County Solid Waste Management Authority, et al., Respondents. [672 NYS2d 447] —Mercure, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 22, 1997 in Rensselaer County, which, *inter alia*, granted defendants' motion to dismiss the complaint.

On November 14, 1989, plaintiff, a municipality eligible to participate in defendant Eastern Rensselaer County Solid Waste Management Authority (hereinafter the Authority) (*see,* Public Authorities Law § 2050-bb [18]; § 2050-cc [4]), filed a certificate of its election to participate in the Authority and of its appointment of Theodore Lukas as its representative on the

Authority's governing body. Plaintiff entered into a service agreement with the Authority in August 1990, and in December 1994 it appointed defendant Kevin Allard to replace Lukas as governing body representative. Based upon some members' dissatisfaction with the Authority and following this Court's determination that a member municipality could not unilaterally withdraw (*Town of Hoosick v Eastern Rensselaer County Solid Waste Mgt. Auth.*, 182 AD2d 37, *appeal dismissed* 80 NY2d 1023), the Authority offered its members an opportunity to elect to withdraw from the Authority upon payment of a proportionate share of the Authority's underlying indebtedness. Plaintiff was unable to come to a decision on the issue within the time allowed therefor, however, and Allard was unsuccessful in his subsequent effort to obtain an extension of the deadline. On December 3, 1996, plaintiff resolved to withdraw from the Authority and thereafter filed a certificate to that effect upon the premise that its original resolution to join the Authority and its appointment of Allard were both null and void based upon procedural irregularities. Plaintiff appointed George Peer as its Authority representative in place of Allard.

In February 1997, plaintiff commenced this action seeking (1) a declaration that the certificate filed in November 1989 was invalid and that, as a consequence, plaintiff had never been a lawful member of the Authority (first cause of action), (2) rescission (second cause of action) or reformation (fifth cause of action) of its service agreement with the Authority based upon claimed mutual mistake of a material fact arising out of the parties' mistaken belief that plaintiff was a lawful member of the Authority at the time the agreement was executed or arising out of plaintiff's subsequent withdrawal from membership in the Authority, (3) an accounting for moneys paid by plaintiff in connection with its purported membership in the Authority (fourth cause of action), (4) a declaration of the validity of plaintiff's December 3, 1996 resolution to withdraw from the Authority (third cause of action) and of the invalidity of Allard's appointment (seventh cause of action), and (5) specific performance of a December 1995 agreement between the Authority and the Town of Hoosick, Rensselaer County, wherein the Authority purportedly agreed not to site any Authority facilities within the Town and thus within plaintiff, which is wholly situated within the Town (sixth cause of action). Prior to service of an answer, defendants moved to dismiss the complaint on the grounds of a defense based upon documentary evidence, the expiration of the applicable Statute of Limitations and for failure to state a cause of action.

Supreme Court granted the motion, denied plaintiff's cross motion for pendente lite relief which is not at issue here, and dismissed the complaint. Plaintiff appeals.

In our view, the contentions raised by plaintiff are lacking in merit. Initially, we agree with Supreme Court's conclusion that the first, second and fifth causes of action were time barred, applying even the catch-all six-year Statute of Limitations of CPLR 213 (1). At the very latest, the first cause of action accrued in November 1989, with the approval of plaintiff's certificate pursuant to Public Authorities Law § 2050-cc (4), and the second and fifth causes of action accrued at the time plaintiff entered into the service agreement with the Authority in August 1990. Plaintiff's contention that the Statute of Limitations did not begin to run until October 1996, when it "discovered" the invalidity of its prior acts, is not at all persuasive. As pointed out by defendants, plaintiff's "discovery" was based upon nothing more than an inspection of its own records.

In any event, the first, second and fifth causes of action were also conclusively refuted by documentary evidence presented on defendant's motion and could have been dismissed on that basis as well. All three causes of action are dependent upon the entirely fallacious premise that plaintiff never validly joined the Authority. In fact, all competent evidence in the record, including plaintiff's Resolution No. 22 of 1989, as embodied in the certificate itself, conclusively establishes that plaintiff's Village Board voted to join the Authority, approved the matters to be certified and authorized its Mayor to make the certification required by law. On its face, the certificate complies with Public Authorities Law § 2050-cc (4) in all respects.

We agree with defendants that plaintiff's remaining causes of action are factually or legally deficient. The third cause of action is defeated by our prior holding that members may not unilaterally withdraw from membership in the Authority (*Town of Hoosick v Eastern Rensselaer County Solid Waste Mgt. Auth., supra*). The fallacy of the sixth cause of action is exposed by the plain language of the stipulation between the Town and the Authority, which provides that "[t]he Authority will not site any *future* Authority facilities within the boundaries of the Town or otherwise exercise its powers of eminent domain within the boundaries of the Town" (emphasis supplied). It is uncontroverted that all Authority facilities existing within the Town were sited prior to execution of the stipulation.

The seventh cause of action's premise that Allard was not

properly appointed to the Authority's governing board "without a proper motion or resolution being duly approved" is both legally and factually incorrect. Documentary evidence establishes that plaintiff's Village Board appointed Allard by motion and roll call vote in December 1994, a procedure that fully complied with Public Authorities Law § 2050-cc (1) and was by no means contrary to any procedure specified in the original appointment. Last, absent any factual allegation or evidence of a fiduciary relationship, the fourth cause of action for an equitable accounting cannot stand (*see, Michnick v Parkell Prods.*, 215 AD2d 462; *Kastle v Steibel*, 120 AD2d 868, 869). Contrary to the assertion contained in plaintiff's reply brief, defendant argued the legal invalidity of the seventh cause of action before Supreme Court. In any event, a party may assert a failure to state a cause of action for the first time on appeal (*see, Williamson Roofing & Sheet Metal Co. v Town of Parish*, 139 AD2d 97, 106; *compare, P.S. Auctions v Exchange Mut. Ins. Co.*, 105 AD2d 473, 475).

Supreme Court's order need be modified only to the extent that, rather than dismiss the third and seventh causes of action, Supreme Court should have made a declaration in favor of defendants (*see, Matter of Schulz v New York State Dept. of Envtl. Conservation*, 188 AD2d 854, 856-857, *lv denied* 81 NY2d 704).

Mikoll, J. P., Yesawich Jr., and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as dismissed the third and seventh causes of action of the complaint; it is declared that plaintiff's December 3, 1996 resolution withdrawing from defendant Eastern Rensselaer County Solid Waste Management Authority was invalid and ineffective and it is further declared that defendant Kevin Allard's appointment as a representative member of the Authority was not invalid, ineffectual or void; and, as so modified, affirmed.