Genesee County v State of New York (2025 NY Slip Op 04360)

Genesee County v State of New York 

2025 NY Slip Op 04360

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

499 CA 24-01071

[*1]GENESEE COUNTY, ORLEANS COUNTY, NIAGARA COUNTY, LIVINGSTON COUNTY, WYOMING COUNTY, AND SENECA COUNTY, PLAINTIFFS-RESPONDENTS,
v
NEW YORK STATE, KATHY HOCHUL, IN HER OFFICIAL CAPACITY AS NEW YORK STATE GOVERNOR, LETITIA JAMES, IN HER OFFICIAL CAPACITY AS NEW YORK STATE ATTORNEY GENERAL, NEW YORK STATE SENATE, AND NEW YORK STATE ASSEMBLY, DEFENDANTS-APPELLANTS. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LIPPES MATHIAS LLP, BUFFALO (DENNIS C. VACCO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Orleans County (Frank Caruso, J.), entered April 9, 2024 in a declaratory judgment action. The order denied defendants' motion to dismiss plaintiffs' complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: In this action seeking a declaration that Racing, Pari-Mutuel Wagering and Breeding Law § 502-a is unconstitutional, defendants appeal from an order denying their motion to dismiss plaintiffs' complaint.
In the wake of controversy and claims of fiscal improprieties and mismanagement, the Legislature enacted Racing, Pari-Mutuel Wagering and Breeding Law § 502-a in an attempt to reform the Western Regional Off-Track Betting Corporation (WROTB), a public benefit corporation. Section 502-a terminated the existing WROTB Board of Directors (Board) and set forth the composition of the new Board and the procedure for appointing new Board members to represent each participating county and city (§ 502-a [1], [2]). Most critically, section 502-a changed the voting structure of the Board by weighting each Board member's vote based on the population of the county or city represented by that Board member rather than simply affording each Board member a single vote (§ 502-a [4]). In total, Erie County, Monroe County, the City of Buffalo, and the City of Rochester were apportioned 62 of the 99 votes (id.). Plaintiffs commenced this action seeking a judgment declaring that section 502-a is unconstitutional, claiming, inter alia, that § 502-a displaced the "one county, one vote" model of the WROTB with a population-based model that effectively consolidates the power to manage and operate the WROTB in Erie County, Monroe County, the City of Buffalo, and the City of Rochester.
Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (a) (7), asserting, among other things, that plaintiffs, six counties participating in the WROTB, lacked capacity to maintain the action. Supreme Court denied the motion, and we now reverse.
We agree with defendants that plaintiffs lack capacity to maintain this action. As a general rule, "municipalities lack the capacity to bring suit to invalidate State legislation" (City of New York v State of New York, 86 NY2d 286, 290 [1995]; see Brown v State of New York, 144 AD3d 88, 92 [4th Dept 2016]). Although four exceptions to the general rule have been [*2]recognized to date, those exceptions are "narrow" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 NY3d 377, 387 [2017]), and we agree with defendants that plaintiffs do not have capacity under either of the two exceptions on which they rely.
The first exception cited by plaintiffs permits a municipality to bring suit "where the State legislation adversely affects a municipality's proprietary interest in a specific fund of moneys" (City of New York, 86 NY2d at 291-292). That exception, however, "does not apply where a municipality has 'a mere hope or expectancy' of receiving funds" (Aristy-Farer v State of New York, 143 AD3d 101, 110 [1st Dept 2016], mod on other grounds 29 NY3d 501 [2017]; see Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y., 282 AD2d 166, 173 [3d Dept 2001]). Rather, the type of proprietary interest contemplated relates to funds or property of a municipal corporation in its possession or to which it would have a right to immediate possession (see Aristy-Farer, 143 AD3d at 110; County of Albany v Hooker, 204 NY 1, 18-19 [1912]). The Court of Appeals has specifically cautioned against finding a proprietary interest "sufficient to confer capacity to sue without regard to a cognizable right in a specific fund" inasmuch as the "narrow proprietary interest exception would then ultimately swallow up the general rule barring suit against the State by local governments" (City of New York, 86 NY2d at 295).
Here, the WROTB funds vary from year to year based on, among other things, the number of wagers placed and the WROTB's operating expenses, and thus they do not constitute a "specific sum of money" (Board of Educ. of Roosevelt Union Free School Dist., 282 AD2d at 173; see Aristy-Farer, 143 AD3d at 110). Moreover, although plaintiffs may certainly expect to derive income from the WROTB, the funds are not in their possession nor do plaintiffs have "a right to immediate possession" of the funds (Hooker, 204 NY at 16 [emphasis added]). Rather, the funds are distributed regularly at an interval determined by the Board (see Racing, Pari-Mutuel Wagering and Breeding Law § 516 [2-a]).
Similarly, we conclude that plaintiffs do not have capacity to sue under the exception that applies "where the State statute impinges upon 'Home Rule' powers of a municipality constitutionally guaranteed under article IX of the State Constitution" (City of New York, 86 NY2d at 292). Racing, Pari-Mutuel Wagering and Breeding Law § 502-a merely regulates the WROTB, a public benefit corporation (§ 502 [1]), and legislation creating or pertaining to public authorities and public benefit corporations does not fall within the ambit of the home rule protections (see City of Rye v Metropolitan Transp. Auth., 24 NY2d 627, 633-635, 637-638 [1969]; Whelan v Wagner, 4 NY2d 575, 580-581 [1958]; Gaynor v Marohn, 268 NY 417, 422-425 [1935]; Town of Hoosick v Eastern Rensselaer County Solid Waste Mgt. Auth., 182 AD2d 37, 41 [3d Dept 1992], appeal dismissed 80 NY2d 1023 [1992]). Simply put, amending the voting shares of a public benefit corporation did not impact the "property, affairs or government" of the plaintiff counties (City of Rye, 24 NY2d at 637; see Town of Hoosick, 182 AD2d at 41).
In light of our determination, defendants' remaining contentions are academic.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court